GEORGE MAULSBY *vs.* JAMES W. BARKER.

LAW.  No. 24,595.

{ Decided March 10, 1884.
{ The CHIEF JUSTICE and Justices COX and JAMES sitting.

1. Where a bill of exceptions contains all the evidence offered in the court below, this court may treat it as a case stated.

2. Where the defaulting owner of property covered by a deed of trust given to secure the payment of a debt, agrees that the advertisement of sale may be for a shorter period than that expressed in the deed, he is estopped from afterwards objecting that the provision made in the deed as to advertising was not followed.

3. *Quære*, Whether, if, before the occurrence of the day of sale appointed by the original advertisement, the day of sale is changed to a later day, the property must be readvertised for the whole period mentioned in the deed.

### STATEMENT OF THE CASE.

This was an action of ejectment for the recovery of part of lot numbered 5 in square numbered 453.  The defendant, Barker, had borrowed of the plaintiff ten thousand dollars, to secure the repayment of which he executed a deed of trust conveying the premises to Ashford and Mitchell, and providing, in case of default in the payment of the debt, for a sale upon a notice by advertisement inserted in one or more newspapers printed in the city of Washington, three times a week for at least three successive weeks, and providing also " that any sale under this trust may be repeated or postponed from time to time, as to the said trustees or trustee acting shall seem most for the interest of all parties concerned."

The trustees, in pursuance of this provision, advertised the property as follows :

" Trustees' sale of valuable real estate on the north side of H street north, between Sixth and Seventh streets west, at auction.

" By virtue of a deed of trust to the undersigned, bearing date March 2, 1874, and duly recorded in Liber No. 743, folio 461, *et seq.*, of the land records of the District of Columbia, and at request of the party thereby secured, we will expose to public sale, in front of the premises, *on Monday, March*

*twenty-sixth, A. D.* 1883, *at* 5 *oclock p. m.,* the following parcel of ground, viz.: Part of lot five (5), in square (453) four hundred and fifty-three, in Washington city, D. C., beginning for the same at the southeast corner of said lot and running thence west forty-two (42) feet; thence north 132 feet 10½ inches to a public alley; thence east forty-two (42) feet; and thence south to the point of beginning, with all the improvements thereon.

"Terms of sale: One-third cash, balance in one and two years, in equal payments, with interest from day of sale, and secured, or all cash at purchaser's option. A deposit of $200 will be required at the sale, and if terms are not complied with within five days from date of sale, the trustees reserve the right to sell the property at the risk and cost of the defaulting purchaser, on five days' notice in the Evening Star; conveyancing at purchaser's cost.

"Mahlon Ashford,

"John T. Mitchell.

"Mh 6-d4t&eo&ds.                        *Trustees.*

"At request of those interested, above sale is postponed to Monday, April ninth, 1883, same hour and place.

"Ashford & Mitchell,

"Mh24-31&Ap7-9.                     *Trustees."*

The sale then took place on the 9th day of April, as advertised, and the defendant, refusing to vacate the premises, this action of ejectment was brought by the purchaser.

On the trial, Mahlon Ashford, one of the trustees, testified that the sale of the premises was made by himself and Mitchell, trustees, on the 9th day of April, 1883, in compliance with the terms of the trust deed; that the sale of the premises was advertised in the Star on the 6th day of March, to take place on the 26th day of March, 1883; that on the 24th day of March, 1883, the defendant called to see him, and informed him that he hoped to be able to settle the matter by the 9th of April, 1883, and requested him not to sell on the 26th of March, as advertised; and that at such request of the defendant the property was not offered for

sale, as advertised, on the 26th day of March, 1883 ; that there was no meeting at the place of sale, and adjournment there made of the sale to the 9th day of April, 1883, but that in the issue of the Star of the 24th day of March, 1883, there was added to the original advertisement of sale a notice that the sale was postponed to Monday, the 9th day of April, 1883, same hour and place.

After further evidence as to the rental value of the property, the case was closed; whereupon the court directed the jury to find a verdict in favor of the plaintiff for the possession and for such damages as they thought proved by the evidence. They rendered accordingly a verdict for the possession, and damages for the detention at the rate of $40 per month.

The case then came to the General Term on a motion for a new trial, on the exception to the ruling of the court in instructing the jury to find for the plaintiff.

The bill of exceptions embodied all the testimony, which was substantially as stated above.

H. E. Davis for plaintiff.

H. O. Claughton for defendant.

The proof in this case is as follows:

The deed of trust prescribed the manner in which the sale should be made, including the period during which the sale should be advertised, and the number of times the notice should be published, to wit, for the period of three weeks, and notice to be published at least three times a week during that period.

The sale was advertised to take place on the 26th day of March, 1883. On the 24th day of March, the defendant stated to one of the trustees that he expected to be able to arrange the matter on the 9th of April, and requested that sale should not be made on the 26th of March.

In the paper of date the 24th of March, the sale was postponed till the 9th of April, and the notice was published only four times between the 24th of March and the 9th of April—a period of sixteen days.

The law, as applicable to the facts thus proved, is as follows:

1. When the sale does not take place on the day appointed, for any good reason, the trustee at the place and time may adjourn the sale, for a period shorter than that named in the deed; but in such case, the notices must be given during that period, in accordance with the provisions of the deed. Richards *vs.* Holmes, 18 How., 143; Jackson *vs.* Clark, 7 Johns., 217; Perry on Trusts, sec. 602 *a.*

2. If the day of sale is changed before the time appointed in the original advertisement, then it must be readvertised for the whole of the period, in accordance with the terms of the deed. Bennett *vs.* Brendap, 8 Minn., 385.

In this case the time was changed before the day of sale, and the notice of sale should have been for the period named in the deed, and in the manner prescribed by the deed.

If the evidence tended to prove that the defendant consented that the sale should take place on the 9th of April, which is denied, even then, though the period of advertisement was shortened, there was no change in the number of times the notice should be published weekly.

The new period was sixteen days, and there were only four publications of notice during that time, when there should have been at least seven out.

The distinction between the case of an adjournment on the day of sale and a postponement before the sale is evident. In the first case, the sale is advertised for the period named in the deed, and the adjournment is only a prolongation of that period.

In the second case, after postponement is made, before the expiration of the period, and for a shorter time, then there never was a notice of the day of sale for the period prescribed by the deed.

In this case, even if it could be presumed from the evidence that the period was shortened by consent of the defendant, there is no evidence proving or tending to prove that he consented that the notice should be published less frequently than three times a week.

Mr. Justice JAMES, after stating the case, delivered the opinion of the court.

It is contended that the advertisement of the proposed sale should have followed the provisions of the deed of trust for the original advertisement, namely, for three weeks, three times a week, whereas it was published only from the 24th of March to the 9th of April, and consequently the sale having been made without following the provisions of the trust, it was absolutely void and gave no title whereon to support an action of ejectment by the purchaser. A number of authorities were cited by defendant's counsel, to the effect that where the power prescribed in the deed of trust is not followed, the sale is void.

We do not regard that point as material in this case, and there is, therefore, no necessity to decide it, for, whatever may be the law in that respect, we have given weight to a circumstance which takes the case out of that discussion. It appears from the testimony, which is very brief, that the defendant, when the property was about to be sold, called upon one of the trustees, and informed him that he would be able to settle the matter by the 9th of April.

All the evidence offered in the case is set out in the bill of exceptions, and we are, therefore, authorized to treat it as a case stated. We think that, upon the whole case, the suggestion of the defendant was that the trustees should wait until the 9th of April; and then if he did not make the provision for the debt which he hoped to do, the sale should take place on that day. Clearly, where the owner of the property agrees that the advertisement may be for a shorter period than that expressed in the deed, he is estopped from setting up the objection that the provision made in the deed as to advertising was not followed.

His defence is an equitable one, which he is allowed to make in an action of ejectment, although the plaintiff must show a legal title. But he has no equitable defence against the plaintiff's taking possession, if he himself authorized the trustees to postpone the sale less than three weeks, and

to advertise accordingly. The judgment must therefore be affirmed.